# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY WINGROVE, | CIVIL DIVISION |
| Plaintiff, | No. 20-122 |
| v. | |
| DANAN HEALTHCARE CONSULTING GROUP, INC., DANIEL J. WUKICH, QUEST HEALTHCARE DEVELOPMENT, INC., and ALLSERVE BUSINESS SUPPORT, INC. | |
| Defendants. | **JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW, comes Amy Wingrove, by and through counsel, Robert A. Bracken, Esquire and Bracken Law Firm, LLC and files the following Complaint and avers as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Amy Wingrove is an adult woman whom resides at 624 Jason Court, Mount Pleasant, PA 15666.

2. Defendant Danan Healthcare Consulting Group, Inc. ("Danan Healthcare"), is a Pennsylvania corporation with its registered business address located at 2030 Ader Road, Jeannette, PA 15644.

3. Defendant Daniel J. Wukich is owner and president of Danan Healthcare and has a business address located at 2030 Ader Road, Jeannette, PA 15644.

4. Daniel J. Wukich is also founder and chief executive officer of Quest Healthcare Development, Inc. as well as Allserve Business Support, Inc.

5.  Defendant Quest Healthcare Development, Inc. ("Quest") is a Pennsylvania Corporation with its registered business address located at 2030 Ader Road, Jeannette, PA 15644.

6.  Defendant Allserve Business Support, Inc. ("Allserve") is a Pennsylvania Corporation with its registered business address located at 2030 Ader Road, Jeannette, PA 15644.

7.  Plaintiff filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") on November 5, 2018 and with the Equal Employment Opportunity Commission ("EEOC") on November 2, 2018.

8.  Plaintiff filed an amendment to the complaint with the PHRC and EEOC on February 20, 2019.

9.  Plaintiff was issued Notices of Right to Sue from the EEOC. *See* Notices attached collectively as Exhibit 1.

10. It has been more than three hundred sixty-five days since the filing of Plaintiff's complaint with the EEOC and PHRC.

11. Plaintiff has complied with all conditions precedent to filing this Complaint.

12. The Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331, as well as 28 U.S.C. § 1367 for Plaintiff's pendent claims.

13. Venue is appropriate in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this Complaint occurred in Westmoreland County, Pennsylvania.

## FACTUAL ALLEGATIONS

14. On or about April 13, 2018, Amy Wingrove was hired by Danan Healthcare.

15. While working for Danan Healthcare, Ms. Wingrove also worked for and provided services for the benefit of Quest at Daniel J. Wukich's instruction.

16. Also, during her employment, Ms. Wingrove's employment was covered by the Allserve employee handbook.

17. Danan Healthcare, Quest and Allserve were joint employers of Ms. Wingrove.

18. Shortly thereafter, on or about June 8, 2018, Ms. Wingrove was advised that she was terminated effective June 6, 2018.

19. During her brief employment, Ms. Wingrove was repeatedly harassed by Daniel J. Wukich, President of Danan Healthcare, Quest and Allserve.

20. After Ms. Wingrove rejected Mr. Wukich's advances she was terminated.

21. On May 25, 2018, Ms. Wingrove was at the Inn at Charles Town in Charles Town, West Virginia as part of a work-related event when Mr. Wukich, who is many years older than Ms. Wingrove, grabbed her by the back of the head, pulled her towards him and kissed her.

22. Ms. Wingrove did not consent to Mr. Wukich's aggressive and unwanted action.

23. A few days later, on or about May 28, 2018, Mr. Wukich told Ms. Wingrove that she would not be paid for the work she performed.

24. On or about May 30, 2018, Mr. Wukich commented on Ms. Wingrove's breasts.

25. On or about June 4, 2018, Mr. Wukich asked if Ms. Wingrove was wearing underwear underneath a long sundress.

26. Also, in or about early June 2018, Mr. Wukich called Ms. Wingrove a "stupid bitch."

27. On other occasions, Mr. Wukich called Ms. Wingrove a "prude," suggested that she was not dressed provocatively enough and would uncomfortably stare at her legs.

28. Less than two weeks after rejecting Mr. Wukich's advances, Ms. Wingrove received an email from Sarah Corridoni, an assistant of Mr. Wukich's and employee of Allserve Business Support, Inc., which read as follows:

> From the desk of Daniel J. Wukich:
>
> Hello Amy,
>
> I wish you luck in the future, don't think this job suited you.
>
> Please contact Sarah Corridoni to turn in your company property. If you have any personal effects in the building make arrangements with Sarah to secure them.
>
> The effective date of your termination is Wednesday, June 6, 2018.
>
> Dan

29. Apparently, as Ms. Wingrove refused to succumb to Mr. Wukich's advances, she was not suited for the job.

30. Ms. Wingrove's termination was unlawful and in violation of Title VII and the PHRA.

## COUNT I - UNLAWFUL RETALIATION
### *Wingrove v. All Defendants*

31. Plaintiff incorporates by reference herein Paragraphs 1 through 30 of the Complaint as if more fully set forth at length herein.

32. Defendants' conduct described above and herein constitutes retaliation, in violation of the law, including Title VII and the PHRA.

33. Defendants' retaliation against Ms. Wingrove was the result of her objecting to Mr. Wukich's unwanted advances.

34. As a direct and proximate result of Defendants' unlawful, willful, deliberate retaliation, Ms. Wingrove incurred substantial losses, continuing in their nature, including but not limited to loss of wages, harm to her reputation, adverse effects on her career and diminished earning capacity.

35. As a result of Defendants' retaliatory conduct, Ms. Wingrove is entitled to all available damages, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) attorneys' fees and costs; and (4) punitive damages.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendants in an amount to be determined with attorneys' fees and costs assessed as well as any other relief or damages deemed proper by the Court.

## COUNT II - SEXUAL HARASSMENT (QUID PRO QUO)
### *Wingrove v. Danan Healthcare, Quest Healthcare Development, Inc. and Allserve Business Support, Inc.*

36. Plaintiff incorporates by reference herein Paragraphs 1 through 35 of the Complaint as if more fully set forth at length herein.

37. The conduct described above and herein constitutes sexual harassment and discrimination and is a violation of Title VII and the PHRA.

38. The conduct described above and herein was unwelcome and unwanted and constitutes sexual advances and/or other verbal or physical conduct of a sexual nature.

39. The conduct described above and herein was explicitly and/or implicitly a term of condition of Plaintiff's employment.

40. Submission to such conduct was made either an explicit and/or implicit term or condition of Plaintiff's employment.

41. Submission to or rejection of the conduct was used as a basis for employment decisions affecting Plaintiff.

42. The conduct described above and herein was unlawful sexual harassment and discrimination committed by these Defendants' employees, servants and/or agents who had the effective ability to influence employment actions that could affect Plaintiff, including but not limited to firing and denial of income.

43. As a direct and proximate result of these Defendants' unlawful, willful, deliberate harassment and discrimination against Plaintiff, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, harm to her reputation, adverse effects on her career and diminished earning capacity.

44. As a direct and proximate result of these Defendants' unlawful, willful and deliberate discrimination and harassment against Plaintiff, Plaintiff suffered from physical problems including emotional distress and anxiety.

45. As a result of these Defendants' discriminatory conduct, Plaintiff is entitled to all available damages pursuant to Title VII and the PHRA, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; (4) punitive damages; and (5) attorneys' fees and costs.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against these Defendants in an amount to be determined with attorneys' fees and costs assessed as well as any other relief or damages deemed proper by the Court.

### COUNT III - HOSTILE WORK ENVIRONMENT
*Wingrove v. Danan Healthcare, Quest Healthcare Development, Inc. and Allserve Business Support, Inc.*

46. Plaintiff incorporates by reference herein Paragraphs 1 through 45 of the Complaint as if more fully set forth at length herein.

47. The conduct described above and herein constitutes sexual harassment and discrimination and is a violation of Title VII and the PHRA.

48. The conduct described above and herein was unwelcome and unwanted and constitutes sexual advances, requests for sexual favors and/or other verbal or physical conduct of a sexual nature.

49. The conduct described above and herein was explicitly and/or implicitly a term of condition of Plaintiff's employment.

50. Submission to such conduct was made either an explicit and/or implicit term or condition of Plaintiff's employment.

51. Submission to or rejection of the conduct was used as a basis for employment decisions affecting Plaintiff.

52. The conduct described had the purpose or effect of unreasonably interfering with Plaintiff's work performance and/or creating an intimidating, hostile or offensive work environment.

53. The conduct described above and herein was unlawful sexual harassment and discrimination committed by these Defendants' employees, servants and/or agents who had the effective ability to influence employment actions that could affect Plaintiff, including but not limited to firing and denial of income.

54. The unwelcome and unlawful conduct based on sex was both subjectively abusive to Plaintiff and also objectively severe and pervasive enough to create a work environment that a reasonable person would find abusive.

55. Such conduct, as described above and herein, was frequent, severe, pervasive, physically threatening and humiliating, interfered with work performance, had an adverse effect of Plaintiff's psychological well-being and was conducted by a harasser who was superior to Plaintiff in the organization.

56. As a direct and proximate result of these Defendants' unlawful, willful, deliberate harassment and discrimination against Plaintiff, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, harm to her reputation, adverse effects on her career and diminished earning capacity.

57. As a direct and proximate result of these Defendants' unlawful, willful and deliberate discrimination and harassment against Plaintiff, Plaintiff suffered from physical problems including emotional distress and anxiety.

58. As a result of these Defendants' discriminatory conduct, Plaintiff is entitled to all available damages pursuant to Title VII and the PHRA, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; (4) punitive damages; and (5) attorneys' fees and costs.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against these Defendants in an amount to be determined with attorneys' fees and costs assessed as well as any other relief or damages deemed proper by the Court.

## COUNT IV - AIDING AND ABETTING
### *Wingrove v. Wukich*

59. Plaintiff incorporates by reference herein Paragraphs 1 through 58 of the Complaint as if more fully set forth at length herein.

60. Section 955(e) of the Pennsylvania Human Relations Act permits the filing of a cause of action against an individual involved in aiding and abetting discrimination.

61. Wukich aided and abetted the discrimination and harassment set forth throughout this Complaint.

62. As a direct and proximate result of this Defendant's unlawful conduct, Plaintiff incurred substantial losses, continuing in their nature, including but not limited

to loss of wages and loss of benefits, harm to her reputation, adverse effects on her career and diminished earning capacity.

63. As a direct and proximate result of this Defendant's unlawful conduct, Plaintiff suffered from physical problems including emotional distress and anxiety.

64. As a result of this Defendant's discriminatory conduct, Plaintiff is entitled to all available damages pursuant to the PHRA, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; and (4) attorneys' fees and costs.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against this Defendant in an amount to be determined with attorneys' fees and costs assessed as well as any other relief or damages deemed proper by the Court.

### COUNT V
**Assault and Battery**
*Plaintiff v. All Defendants*

65. Plaintiff incorporates by reference Paragraphs 1 through 64 of her Complaint as if set forth in their entirety herein.

66. As set forth in detail throughout this complaint, Defendant Wukich engaged in unwanted touching of Ms. Wingrove with the desire to cause harmful or offensive contact to Ms. Wingrove.

67. In so doing, Defendant Wukich also intended to cause a reasonable apprehension of immediate harmful and offensive contact to Ms. Wingrove.

68. As a result of Defendant Wukich's wrongful conduct, Ms. Wingrove

sustained physical, mental and emotional injuries.

69. During her employment and even thereafter, Defendant Wukich's conduct caused Ms. Wingrove to become physically ill, cry, tremble, lose sleep as well as suffer other physical injuries and emotional manifestations of anxiety and distress.

70. Additionally, Defendant Wukich's conduct, in whole or in part, was evidence of his personal animus towards Ms. Wingrove.

71. As a direct and proximate result of the aforementioned injuries, Ms. Wingrove has sustained damages, including but not limited to the following: loss of earnings; past, present and future physical and mental pain, suffering and inconvenience; medical expenses; impairment of Plaintiff's general health, strength and vitality; loss of feeling of wellbeing; worry, anxiety, apprehension and frustration; and undue mental anguish.

72. Further, Defendant Wukich's conduct was reckless, outrageous, willful, wanton, and intentional; thus, punitive damages are warranted against the Defendants.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendants in an amount to be determined with attorneys' fees and costs assessed as well as any other relief or damages deemed proper by the Court.

### COUNT VI
### Intentional Infliction of Emotional Distress
*Plaintiff v. All Defendants*

73. Plaintiff incorporates by reference Paragraphs 1 through 72 of her Complaint as if set forth in their entirety herein.

74. As set forth in detail throughout this complaint, Defendant Wukich

intentionally inflicted emotional distress upon Ms. Wingrove.

75. Defendant Wukich's conduct went beyond all possible bounds of decency and is utterly intolerable in a civilized society.

76. Defendant Wukich's conduct, in whole or in part, was evidence of his personal animus towards Ms. Wingrove.

77. As a result of such conduct, Plaintiff suffered from emotional distress, mental anguish, nervous shock, embarrassment, shame and humiliation.

78. During her employment and even after, Defendant Wukich's conduct caused Ms. Wingrove to become physically ill and cry, tremble, lose sleep as well as suffer other physical and emotional manifestations of anxiety and distress.

79. As a direct and proximate result of the aforementioned injuries, Plaintiff has sustained damages, including but not limited to the following: loss of earnings; past, present and future physical and mental pain, suffering and inconvenience; medical expenses; impairment of Plaintiff's general health, strength and vitality; loss of feeling of wellbeing; worry, anxiety, apprehension and frustration; and undue mental anguish.

80. Further, this conduct was reckless, outrageous, willful, wanton, and intentional; thus, punitive damages are warranted.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and costs.

Respectfully submitted,

**BRACKEN LAW FIRM LLC**

By _____
Robert A. Bracken, Esq.
PA ID No. 206095
BNY Mellon Center
500 Grant St., Suite 2900
Pittsburgh, PA 15219
Tel. (412) 278-7402
Fax (412) 533-7030


*Counsel for Plaintiff*